# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:02cr45-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MANUEL CARRIZOZA. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendant's Motion Requesting Leave of the Court and Waiver of Court Costs and/or Fees to Obtain Copies of All Court Documents in the Petitioner's Case [Doc. 341].

On January 7, 2003, the Defendant was found guilty after jury trial of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §846. [Doc. 177]. In July 2003, he was sentenced to 360 months imprisonment by Hon. Lacy Thornburg.[1] [Doc. 222]. The Defendant's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit in March 2004. United States v. Carrizoza, 95 F. App'x. 467 (4th Cir.), cert. denied, 543 U.S. 849, 125 S.Ct. 266, 160 L.Ed.2d 79 (2004).

On September 2, 2008, the Defendant's motion to vacate his conviction and sentence were denied. Carrizoza v. United States, 2008 WL 4130696

---

[1] When Judge Thornburg retired, this case was reassigned to the undersigned.

(W.D.N.C. 2008). His attempt to appeal that denial was dismissed. Carrizoza v. United States, 328 F. App'x. 234 (4th Cir.), cert. denied __ U.S. __, 130 S.Ct. 567, 175 L.Ed.2d 392 (2009).

In this motion, the Defendant refers to the necessity of obtaining copies of all documents filed in his case for use in "future pro se litigation." [Doc. 342 at 1]. The Defendant's criminal case is concluded and the Fourth Circuit has affirmed his conviction and sentence. Likewise, his §2255 motion has been denied and his attempt to appeal that denial was dismissed. In short, there is nothing pending before this Court. 28 U.S.C. §2250. Prisoners are not entitled to copies of documents at government expense absent a showing of particularized need. United States v. Lewis, 37 F.3d 1510 (10th Cir. 1994) (applying particularized need showing to request for documents); Wallace v. United States, 2007 WL 4568971 n.3 (W.D.N.C. 2007); United States v. Adams, 2007 WL 1302543 (D.Kan. 2007) (same standard applied to prisoner requests for document as to transcripts). In fact, such documents and transcripts may not be furnished at government expense unless this Court "certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]" 28 U.S.C. §753(f). There is no suit pending with this Court.

LIkewise, federal inmates are not entitled to copies of documents at

2

Government expense for collateral attacks on their convictions absent some showing of a particularized need. United States v. MacCollom, 426 U.S. 317, 326-27, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); United States v. Davis, 369 F. App'x. 546 (5th Cir. 2010); United States v. Parker, 273 F. App'x. 243, 244 (4th Cir. 2008); Alexander v. Evatt, 23 F.3d 399 (4th Cir. 1994). "An indigent is not entitled to a transcript [and documents] at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw." Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir. 1972), cert. denied 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973). Likewise, "across the board fishing expeditions" do not constitute a "particularized need." United States v. Kin, 577 F.2d 473, 478 (9th Cir. 1978).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion Requesting Leave of the Court and Waiver of Court Costs and/or Fees to Obtain Copies of All Court Documents in the Petitioner's Case [Doc. 341] is hereby **DENIED**.

Signed: May 21, 2012

Martin Reidinger
United States District Judge

3